**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1655
_____

SHAWN T. WALKER,
                            Appellant

v.

MICHAEL A. FARNAN; JEFFREY A. BEARD; DAVID DIGUGLIELMO;
CINDY G. WATSON, and others to be named later

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:07-cv-04977)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 28, 2025

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: September 19, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Shawn T. Walker appeals from the District Court's order denying his post-judgment motion for relief from a judgment issued against him in 2015. For the reasons that follow, we will summarily affirm the District Court's order.

In 1992, Walker was convicted of first-degree murder. He was initially sentenced to death, but his sentence was later vacated and he was resentenced to life without parole. Several years passed while his appeal was pending and he was awaiting resentencing, and he remained in solitary confinement on death row until 2012, when he was released to the general population.

He brought a civil rights action pursuant to 42 U.S.C. § 1983 alleging that his due process rights were violated while he was in solitary confinement on death row between the time that he was granted resentencing and the time his new sentence was imposed. Walker was appointed counsel and, after discovery, the District Court granted summary judgment to defendants based on qualified immunity. We affirmed. Williams v. Sec'y Pa. Dep't of Corr., 848 F.3d 549, 553 (3d Cir. 2017).

More than five years later, Walker filed a motion pursuant to Federal Rule of Civil Procedure 60(b) in the District Court, stating that another inmate recently provided him with an Official Opinion from the Pennsylvania Office of Attorney General from 1971, which discusses the constitutionality of the death penalty. Walker argues that this is newly discovered evidence in support of his case, that it was somehow withheld from him previously, and that it shows that defendants knew they were violating his constitutional rights by keeping him in solitary confinement pending his resentencing. The District Court denied his motion, and Walker timely appealed.

The District Court did not abuse its discretion in denying Walker's motion.[1] To the extent that his motion was based on Rule 60(b)(2), it was untimely. See Fed. R. Civ. P. 60(c)(1) (requiring that Rule 60(b)(2) motions be filed "no more than a year after the entry of the judgment or order" at issue). In any event, the document he attached does not constitute "newly discovered evidence" that could not have been discovered with reasonable diligence during his prior counseled proceedings. See Fed. R. Civ. P. 60(b)(2). Walker presented no evidence that this publicly accessible document was withheld from him or his counsel, and the document does not address where inmates should be housed while they are awaiting resentencing after a death sentence has been vacated. Walker also did not establish "extraordinary circumstances" that would justify reopening the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). See Budget Blinds, Inc. v. White, 536 F.3d 244, 255, 258 (3d Cir. 2008).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's order.[2]

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and review the denial of Walker's motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] Walker's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).